WILLIAM G. POLLOCK v. CHARLES W. TOLAND (CITY CLERK) ET AL.

1. ERROR IN PETITION FOR ANNEXATION CURED BY AMENDMENT.

Section 1557 Rev. Stat. provides that a petition for the annexation of territory may be amended by leave of the county commissioners, and an objection to such a petition, based upon the omission of one of the courses in the boundary thereof, which, by permission of the commissioners, had been amended so as to correctly and exactly describe the territory to be annexed, without embracing additional territory therein, is not well taken; nor is notice of such amendment required.

**2. CORPORATION COUNSEL CITY'S AGENTS IN ANNEXATION PROCEEDINGS.**

The corporation counsel of a city is its agent by law, and a petition in a proceeding instituted by a city for the annexation of territory, signed by the city's corporation counsel as such, sufficiently names him as its agent, the provision of Sec. 1589 Rev. Stat. that a petition presented by freeholders residing in the territory to be annexed shall contain the name of some person authorized to act as agent of the petitioners being inapplicable.

**3. SECTION 1556 REV. STAT. IN PART NOT APPLICABLE TO TERRITORIAL ANNEXATION TO CITY.**

Section 1556 Rev. Stat., regulating proceedings for the organization of villages, is made part of the law establishing the procedure in case of the annexation of territory to a city only "as far as applicable;" and that part of such section which states that the petition shall be filed with the county auditor, simply provides for a safe and proper place for its deposit, and is not in the nature of notice, nor is it applicable to the case of the annexation of territory to a city, upon the application of the city.

**4. STATUS OF MUNICIPALITIES UNCHANGED UNTIL AFTER APRIL ELECTION OF 1903.**

The *status* of municipal corporations and their governments were unchanged by the new municipal code (96 O. L. 20) until after the April election of 1903. Hence, a proceeding for the annexation of part of a village to a city, begun by filing a petition with the county commissioners and concluded by filing the final transcript of the commissioners' proceedings with the city clerk before the date of such election, is not invalid upon the alleged ground that the *status* of territory sought to be annexed was changed from village to city on December 15, 1902, by force of said enactment.

ERROR to court of common pleas.

**Hoyt, Dustin & Kelly** and **C. A. Neff,** for plaintiff in error:

Liability of county commissioners in their *quasi* corporate capacity to individuals. Hamilton Co. (Comrs.) v. Mighels, 7 Ohio St. 109, 110, 116.

County commissioners, as a tribunal of limited jurisdiction, when acting under a special power, must act strictly on conditions under which it is given. Queen v. Ellis, 6 Q. B. 501, 516; Striker v. Kelly, 7 Hill 9, 25; State v. Hancock Co. (Comrs.) 11 Ohio St. 183, 190; State v. Ottawa Co. (Comrs.) 7 Dec. 34 (5 N. P. 260, 268); Miller v. Graham, 17 Ohio St. 1, 8; Sessions v. Crunkilton, 20 Ohio St. 349; Ferris v. Bramble, 5 Ohio St. 109; Beck v. Medina Co. (Comrs.) 9 Re. 108 (11 Bull. 18); Anderson v. Hamilton Co. (Comrs.) 12 Ohio St. 635; Dyckmann v. New York (Mayor), 5 N. Y. (1 Seld.) 434, 439; Embury v. Conner, 3 N. Y. (3 Comst.) 511, 523; Harrington v. People, 6 Barb. 607; Barrickman v. Hartford Co. (Comrs.) 11 Gill & Johns. (Md.) 50; Lamar v. Marshall Co. (Comrs.) 21 Ala. 772, 776.

Power conferred upon municipal corporations to take private property for public use must be strictly followed. Harbeck v. Toledo, 11 Ohio St. 219; State v. Jersey City, 25 N. J. Law (1 Dutch.) 309, 310.

Jurisdiction of court should affirmatively appear upon the record in courts of special and limited jurisdiction. Smith v. Pratt, 13 Ohio 548,

Pollock v. Toland.

550; Harbeck v. Toledo (City), 11 Ohio St. 219, 224; Reed v. Harland, 2 Re. 553 (3 W. L. M. 632); 1 Bailey, Jurisdiction Sec. 174, p. 172, n. 1; Ferris v. Bramble, 5 Ohio St. 109, 112; Corry v. Gaynor, 22 Ohio St. 584, 593; Collwell v. Bank, 2 Ohio 229.

Matters required to be inserted in a record must be proved by it. Parker v. Miller, 9 Ohio 108, 109, 116; Kellogg v. McLaughlin, 8 Ohio 114, 116; Fravert v. Finfrock, 43 Ohio St. 335 [1 N. E. Rep. 875]; People v. Brighton, 20 Mich. 57, 71.

Newton D. Baker, Estep, Payer, Carey & Adams and C. A. Judson, for defendant in error.

WINCH, J.

On May 21, 1902, the city of Cleveland filed its application with the commissioners of Cuyahoga county for the annexation to said city of what is known as the second ward of the village of Glenville.

The commissioners granted the prayer of the petition and filed a transcript of their proceedings with the city clerk, whereupon plaintiff filed his petition in the common pleas court of Cuyahoga county, praying an injunction to restrain the city clerk from reporting to the city council and laying said transcript and other papers before it. The prayer for injunction was based upon allegations of errors and irregularities in the annexation proceedings had before the commissioners. No other reasons why an injunction should be allowed were assigned. The common pleas court found no error in said proceedings, and dismissed the petition for an injunction. The case is in this court on petition in error from the common pleas court and involves a re-examination of the ten errors complained of.

We take them up in their order:

"First, that the aforesaid application of the city of Cleveland does not correctly and exactly describe the territory so ordered by the board of county commissioners of Cuyahoga county to be annexed to the city of Cleveland, and that, therefore, said board of county commissioners was without jurisdiction to proceed in the premises."

This objection is not well taken. It appears from the petition that there *was* an error in the description of the territory to be annexed, one course in the boundary thereof being omitted. This was apparent from inspection of the plat filed with the petition. The commissioners permitted the petition to be amended by the insertion of the omitted course. No new territory was embraced by the amendment. The amended petition correctly and exactly described the territory to be annexed. Section 1557 Rev. Stat. says:

"The petition may be amended by their (the commissioners') leave."

"Second, that the said petition as originally filed and as amended, did not contain the name of some person to act as agent for said petitioners, and that therefore the said commissioners were without jurisdiction to proceed in the premises."

This objection is not well taken. The petition was in behalf of the city of Cleveland and was signed by its corporation counsel. He is by law the agent of the city in such matters, and as such is sufficiently named in the petition. It is true that Sec. 1589 Rev. Stat. provides that a petition presented by freeholders residing in the territory to be annexed shall contain the name of some person who is authorized to act as the agent of the petitioners, but such provision is not applicable when the annexation of territory is sought on application of a corporation. In such case it is unnecessary.

"Third, that said board of county commissioners did not cause said petition to be filed in the office of the county auditor of Cuyahoga county, and that therefore, the said board of county commissioners was without jurisdiction to proceed in the premises."

It is admitted that the board did not cause the petition to be filed in the office of the county auditor. This objection to the regularity of the proceedings is based upon the provisions of Sec. 1556 Rev. Stat.

It is claimed that the filing with the auditor is in the nature of notice and jurisdictional.

Was it the intention of the legislature to make it such? The intention of the legislature, and the construction to be put upon the law in this case, is easily ascertainable from the context. We must read Secs. 1556 and 1557 Rev. Stat. together and give force to all the provisions of both sections. They provide as follows:

"Section 1556. The petition shall be presented to the board of commissioners at a regular session thereof, and when so presented the board shall cause it to be filed in the office of the county auditor, where it shall be subject to the inspection of any person interested; and the commissioners shall then fix the time and place for hearing the petition, and communicate the same to the agent of the petitioners, which time shall not be less than sixty days after such filing; and thereupon the agent shall cause a notice, containing the substance of the petition, and the time and place where the same will be heard, to be published in some newspaper printed and of general circulation in the county, for the period of six consecutive weeks, and cause a copy of the notice to be posted in a conspicuous place within the limits of the proposed corporation, not less than six weeks prior to the time fixed for such hearing.,

Pollock v. Toland.

"Section 1557. The hearing shall be public, and may be adjourned from time to time, and from place to place, according to the discretion of the commissioners, and any person interested may appear, in person or by attorney, and contest the granting of the prayer of the petition, and any affidavits presented in support of or against the prayer of the petition shall be considered by the commissioners, and the petition may be amended by their leave; but if any amendment is permitted, whereby territory not before embraced is added, the commissioners shall appoint another time for the hearing, of which notice shall be given, as specified in the last preceding section."

It appears that it is the duty of the commissioners to fix the time and place for hearing the petition, and communicate the same to the agent of the petitioners, and thereupon the agent causes notice containing the substance of the petition and the time and place when the same will be heard to be both published in a newspaper and posted in a conspicuous place within the limits of the territory proposed to be annexed. The notice to all persons interested is thus provided for. The filing with the county auditor is not to provide additional notice. Any person interested calling at the office of the county auditor would gain *no more* information concerning the proceedings than the published and posted notices would give him. Indeed, should he call at the office of the county auditor to inspect the petition he would there receive *no* information as to where and when the case would be heard by the commissioners. The auditor could tell him nothing about the progress of the case, and he would be compelled to revert to the published or printed notices or inquire of the commissioners to find out when the hearing was to be. The petition on file with the auditor would give him absolutely no new information, for its substance is required to be stated in the notice. In this case both the published and posted notices set forth copies of the petition in full and stated that the petition and written requests of two-thirds of the voters inhabiting the territory were on file with the commissioners.

There is no provision that the requests of the voters should be filed with the auditor.

Should a person interested desire to investigate these requests he would not find them in the auditor's office, but must go to the commissioners' office for an inspection of all papers and files. We therefore conclude that the law, in providing that the petition be filed in the office of the county auditor, simply provides for a proper and safe place for the deposit of the petition. The commissioners are not in daily session, and in many counties they have no separate office of their own, but hold their sessions in the offices of other county officers—usually the office of the

county auditor. In this county the commissioners have offices of their own, which are open every day, a clerk being in daily attendance there, having charge of all papers, records and files belonging to the board. Neither the plaintiff in this action nor any other person interested in the proceedings for annexation was in any wise inconvenienced or injured by the failure of the commissioners to file the petition with the county auditor. They would have been much inconvenienced had it been so filed, for they would have found part of the files in one office and part in another.

It will be noticed, further, that Sec. 1556 Rev. Stat. is found in the chapter governing the organization of villages, made a part of the law establishing the procedure in case of the annexation of territory to a city only *"as far as applicable"* (see Sec. 1615 and Sec. 1590 Rev. Stat.), and we hold that this requirement, i. e., that the petition be filed with the county auditor, is not applicable in an annexation case such as this.

In the annexation case of Shugars v. Williams, 50 Ohio St. 297 [34 N. E. Rep. 248], Judge Spear, on page 304, calling attention to an objection to the regularity of the proceedings in that case, asks the question: "But is not this rather technical?" And further on, the learned judge says: "In the practical administration of justice mere technical objections have to give way to substance." And so in this case, the substance of the law has been complied with, and we find no merit in this objection.

"Fourth, that no notice of the time and place of the aforesaid hearings before the board of county commissioners was given as required by law, and that, therefore, the said board of county commissioners was without jurisdiction to proceed in the premises."

The law (Sec. 1556 Rev. Stat., above quoted) provides that the agent of the petitioners shall cause notice to be published and posted. It sufficiently appears from the petition that the corporation counsel caused the notice to be given as provided by law, and we have above held that he was the agent of the petitioners.

"Fifth, that no notice was given of the aforesaid amendment of said petition, and that, therefore, the said board of county commissioners was without jurisdiction to proceed in the premises."

No notice of the amendment was necessary, as no territory not before embraced was added by the amendment. See Sec. 1557 Rev. Stat.

Sixth. The sixth objection depends upon the fifth and fails with it.

Seventh. The seventh objection is not now urged.

"Eighth, that the city council of the city of Cleveland is without jurisdiction to accept or reject the aforesaid application for annexation of territory."

This objection is based upon the judgment of ouster rendered by the

Supreme Court against the former city government of Cleveland. We do not think that that judgment, suspended as it was by the Supreme Court, has anything to do with this case.

Ninth. The ninth objection raises the point that under the new municipal code law, the village of Glenville became a city December 15, 1902, and that as the statutes and the proceedings begun intended the annexation of a part of a village to a city, and there is no provision for the annexation of part of one city to another city, this proceeding is invalid because it was not completed until after December 15, 1902.

The record shows that the annexation petition was filed with the commissioners May 21, 1902, and the final transcript of the proceedings of the commissioners was filed with the city clerk February 23, 1903. On that day and until after the April election following, the *status* of both the city of Cleveland and of the village of Glenville and their governments, was unchanged by the municipal code law, and the ninth objection is not well taken.

"Tenth, that no petition for annexation and no map or plat was deposited with defendant, Chas. W. Toland, as clerk as aforesaid with said final transcript or at any other time, and that therefore said proceedings are void and of no effect."

It appears from the bill of exceptions that the petition and plat or map referred to *were* deposited with the city clerk, February 5, 1903.

Finding no errors or irregularities in the proceedings, the judgment of the common pleas court is affirmed.

---

## CRUELTY TO ANIMALS.

[Lake (7th) Circuit Court, October Term, 1900.]

Frazier, Burrows and Laubie, JJ.

### ANTOINETTE MUHLHAUSER V. STATE OF OHIO.

1. WILLFUL AND INTENTIONAL CRUELTY ESSENTIAL TO CONVICTION FOR CRUELTY TO ANIMALS.

Acts are not criminal unless the intention accompanies the act, either expressly or by necessary implication from the act itself. Hence, where the owner of animals places them in charge of persons selected with reasonable care and furnishes such persons with the means necessary for the care of such animals it is a sufficient defense to a charge of willful cruelty to animals, brought against him under Sec. 6951 Rev. Stat., to show that he did not know that they were not receiving proper care.

2. JURISDICTION ACQUIRED UPON FILING PROPER AFFIDAVIT—INFORMATION NOT NECESSARY.

A justice of the peace has jurisdiction, under Sec. 3719a Rev. Stat., to proceed with the trial of one accused of violating Sec. 6951 Rev. Stat., prohibiting